**MCCARTER & ENGLISH, LLP**
Lanny S. Kurzweil, Esq.
Ryan A. Richman, Esq.
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 639-2044
Facsimile: (973) 297-3810
lkurzweil@mccarter.com
rrichman@mccarter.com

David A. Schlier, Esq.
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-6399
dschlier@mccarter.com

*Attorneys for Defendants EIDP, Inc., f/k/a E. I. du Pont de Nemours and Company,
The Chemours Company, and The Chemours Company FC, LLC*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RENEE MESOGIANES and WILLIAM MESOGIANES, h/w,<br><br>            Plaintiffs,<br><br>    v.<br><br>A CLEMENTE INC; ANTHONY CLEMENTE, INC; SOLVAY SPECIALTY POLYMERS, USA, LLC; SOLVAY SOLEXIS, INC.; ARKEMA, INC.; E. I. DU PONT DE NEMOURS & COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; THE 3M COMPANY; and JOHN DOE ENTITIES #1-20,<br>            Defendants. | Civil Action No. 1:22-cv-00394-NLH-AMD<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**DEFENDANT EIDP, INC.'S, F/K/A E. I. DU PONT DE NEMOURS
AND COMPANY, ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
<u>AND AFFIRMATIVE AND ADDITIONAL DEFENSES</u>**

Defendant EIDP, Inc., formerly known as E. I. du Pont de Nemours and Company, (for ease of reference and for purposes of answering the First Amended Complaint only, referred to hereafter as "EIDP"), with its principal place of business at 974 Centre Road, Wilmington, Delaware 19805, hereby responds to the numbered paragraphs of Plaintiffs' First Amended Complaint, dated January 26, 2022 (ECF No. 1) (the "Amended Complaint"), as follows:

**A.      Nature of the Action[1]**

1.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90).[2]  To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP admits

---

[1] EIDP makes no response to the headings and subheadings used in Plaintiffs' Amended Complaint, which are reproduced here for convenience only. To the extent that a response is required to Plaintiffs' headings and subheadings, they are denied.

[2] This limitation applies throughout this entire Answer, regardless of whether it is contained within any specific paragraph.

only that Plaintiffs purport to bring this action as described. EIDP denies all remaining factual allegations contained in this paragraph.

2.      As the allegations in this paragraph relate only to Plaintiffs' alleged injuries, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent that the allegations of this paragraph are directed to EIDP, EIDP denies them.

3.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

4.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on

February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

5.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

6.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

7.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations

and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

8.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

9.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that

a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

10.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

11.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on

February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required by EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. As to those allegations directed to EIDP or relating to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP denies all allegations contained in this paragraph.

**B.      The Parties**

12.      EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

13.      The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

14.      To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that

a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, they are denied on that basis. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

15.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

16.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

17.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

18.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

19.     The corporation formerly known as E. I. du Pont de Nemours & Company is now EIDP, Inc.  Subject to that clarification, EIDP admits the allegations in this paragraph.

20.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP states on information and belief that the address of The Chemours Company's principal place of business is 1007 North Market Street, Wilmington, Delaware 19899. Subject to that clarification, EIDP admits the remaining allegations of this paragraph on information and belief.

21.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP states on information and belief that the address of The Chemours Company FC, LLC's principal place of business is 1007 North Market Street, Wilmington, Delaware 19899. Subject to those clarifications, EIDP admits the remaining allegations of this paragraph on information and belief.

22.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP denies Plaintiffs' designation to the extent that Plaintiffs' Amended Complaint lumps these two defendants together and collectively refers to them as "Chemours" for purposes of making affirmative allegations without differentiation.

23.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

24.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

**C.    Background**

25.    As the allegations in this paragraph related only to Plaintiffs' alleged injuries, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them.

26.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

11

27.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP admits only, on information and belief, that it is aware that 3M has historically manufactured PFOA. EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

28.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP admits only, on information and belief, that it is aware that 3M has historically manufactured PFOA. EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

29.     The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits only that in general the term "PFAS," as defined in Plaintiffs' Amended Complaint, is used to identify a broad and diverse range of compounds that have a variety of physical and chemical properties. EIDP denies the remaining allegations of this paragraph.

30.     The allegations in this paragraph are general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP objects to Plaintiffs' use of the phrase "manufactured, and used . . . since the 1940s" without definition or specification, which renders the phrase ambiguous or vague in context. EIDP admits only that some PFAS compounds have historically been used in certain industrial processes in the United States and have historically been used in the manufacture of, or been present in, a range of consumer and industrial products produced or used in the United States. EIDP denies the remaining allegations of this paragraph.

31.    The allegation in this paragraph is a general, narrative, and conclusory statement, and therefore no response is required. To the extent a response is required, EIDP admits only that in general the term "PFAS," as defined in Plaintiffs' Amended Complaint, is used to identify a broad and diverse range of compounds that have a variety of physical and chemical properties. EIDP denies the remaining allegations of this paragraph.

32.    The allegation in this paragraph is a general, narrative, and conclusory statement, and therefore no response is required. To the extent a response is required, EIDP admits only that in general the term "PFAS," as defined in Plaintiffs' Amended Complaint, is used to identify a broad and diverse range of compounds that have a variety of physical and chemical properties. EIDP denies the remaining allegations of this paragraph.

33.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. In addition, to the extent the allegations of this paragraph relate to chemicals, substances, or products not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. Furthermore, to the extent the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, they are denied on that basis. To the extent a further response is required, EIDP admits that some PFAS compounds have historically been used in the manufacture of, or been present in, a range of consumer and industrial products.

34.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on

that basis. The allegations of this paragraph are further denied on the basis that they are overly broad and vague.

35.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required and to the extent this paragraph purports to reference or characterize unidentified documents or statements by which PFAS have been "classified," without identification of those documents or statements, including their context, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any statements, documents, and/or reports related to this "classification" or any associated studies, data, research, investigation, testing, and/or other work. To the extent a further response is required, the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that additional basis.

36.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The remaining allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required and to the extent this paragraph purports to reference or characterize unidentified "studies," without identification of those studies and their context, EIDP is without knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations and therefore denies them. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any statements, documents, and/or reports related to these unidentified "studies" or any associated studies, data, research, investigation, testing, and/or other work. To the extent a further response is required, the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that additional basis. The allegations of this paragraph are further denied on the basis that they are overly broad and vague.

37.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The remaining allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis. The allegations of this paragraph are further denied on the basis that they are overly broad and vague.

38.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The remaining allegations

of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis. The allegations of this paragraph are further denied on the basis that they are overly broad and vague.

39.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The remaining allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis. The allegations of this paragraph are further denied on the basis that they are overly broad and vague.

40.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The remaining allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are

properly the subject of expert testimony, and are therefore denied on that basis. The allegations of this paragraph are further denied on the basis that they are overly broad and vague.

41.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent that the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies the allegations of this paragraph.

42.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The remaining allegations of this paragraph contain only general or conclusory statements and therefore no response is required. To the extent a response is required, EIDP is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

43.    To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no

response is required of EIDP. EIDP is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph with respect to chemicals or substances not manufactured by, used by, or otherwise attributable to it, and therefore denies such allegations. To the extent that the allegations of this paragraph are directed to EIDP or relate to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, EIDP admits only that it has used hexafluoropropylene oxide dimer acid ("HFPO-DA," sometimes referred to as "GenX" or "C3 Dimer Acid") as a polymerization processing aid. The remaining allegations in this paragraph are vague and/or ambiguous and constitute incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on those bases.

44.    To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent that the allegations of this paragraph are directed to EIDP or relate to chemicals or substances manufactured by, used by, or otherwise attributable to EIDP, such allegations constitute only general and conclusory statements that are incomplete, taken out of context, and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on those bases.

45.    To the extent that the allegations of this paragraph are not directed to EIDP, EIDP is not required to respond. To the extent that the allegations of this paragraph are directed to EIDP,

in the absence of specific identification in the Amended Complaint of the "replacement chemicals" referenced or clarification of the unidentified studies or other documentation reflecting what "replacement chemicals" do not break down in the environment, EIDP is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any documents and/or reports related to the fact that "replacement chemicals" do not break down in the environment, or any associated studies, data, research, investigation, testing, and/or other work. Furthermore, the allegations of this paragraph constitute incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that additional basis.

46.    To the extent that the allegations of this paragraph are not directed to EIDP, EIDP is not required to respond. To the extent that the allegations of this paragraph are directed to EIDP, in the absence of specific identification in the Amended Complaint of the "replacement chemicals" referenced (by the use of "they") or clarification of the unidentified studies or other documentation reflecting what "replacement chemicals" have allegedly been "detected in drinking water, groundwater and surface waters" and the accompanying context, EIDP is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any documents and/or reports related to such "detection" or any associated studies, data, research, investigation, testing, and/or other work. Furthermore, the allegations of this paragraph constitute incomplete and/or incorrect statements of complex

scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that additional basis.

47.     The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits that EPA established provisional drinking water Health Advisory Levels (HALs) for drinking water of 0.4 μg/L (400 ppt) for PFOA and 0.2 μg/L (200 ppt) for PFOS in 2009. EIDP states that the issued provisional HALs speak for themselves.

48.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits only that EPA issued a lifetime HAL for drinking water for PFOA and PFOS as individual or combined concentrations. EIDP states that the issued HAL speaks for itself. EIDP is without information or knowledge sufficient to form a belief as to the truth or accuracy of the allegation that the EPA recognized PFOA and PFOS's "extreme danger at even the most miniscule doses." Any remaining allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are denied on that basis.

49.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and

PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits only that the United States Department of Health and Human Services Agency for Toxic Substances and Disease Registry developed minimal risk level (MRL) screening values for PFOA, PFOS, and perfluorononanoic acid (PFNA) in November 2018. EIDP states that the MRLs speak for themselves. EIDP denies that this paragraph states the MRL screening values developed for adults. Any remaining allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are denied on that basis.

50.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits that the New Jersey Department of Environmental Protection ("NJDEP") adopted an interim specific ground water quality standard for PFNA in 2015 and adopted both a specific ground water quality standard and a Maximum Contaminant Level (MCL) of 13 ppt for PFNA in 2018. EIDP states that the referenced standards and MCL speak for themselves.

51.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits that, on January 16, 2018, NJDEP adopted an amendment to the Discharge of Petroleum and Other Hazardous Substance regulations that defined PFNA as a "hazardous substance" under New Jersey Admin. Code § 7:1E-1.7 & Appx. A.

52.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February

2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits the allegations of this paragraph.

53.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits that, in 2020, NJDEP adopted an amendment to the Discharge of Petroleum and Other Hazardous Substance regulations that defined PFOA and PFOS as "hazardous substances" under New Jersey Admin. Code § 7:1E-1.7 & Appx. A.

54.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent the allegations of this paragraph are not directed to EIDP, no response is required of EIDP. To the extent a response is required, EIDP admits only that, on or about March

25, 2019, NJDEP issued a Statewide PFAS Directive, Information Request and Notice to Insurers ("NJDEP Statewide PFAS Directive") directed to EIDP, EIDP, and others. EIDP states that the NJDEP Statewide PFAS Directive speaks for itself. By way of further response, EIDP denies that it is "responsible for . . . significant contamination of New Jersey's natural resources" as alleged in the quoted portion of the NJDEP Statewide PFAS Directive. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of the referenced document. EIDP is without information or knowledge sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph with respect to the "air and water utilized by plaintiffs" and therefore denies them.

55.     No response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90).

**D.     Solvay and Arkema's West Deptford Facility**

56.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

57.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

58.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

59.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

60.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

61.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

62.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

63.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

64.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

65.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

66.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

67.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

**E.    EIDP and Chemours' Chambers Works Facility**

68.    EIDP admits that EIDP historically owned and operated the Chambers Works Complex ("Chambers Works"), a site of approximately 1,445 acres located in Pennsville and Carneys Point Townships which includes the former Carneys Point Works and the Chambers Works manufacturing area. EIDP further admits that its ownership of Chambers Works ended in

January 2015. By way of further response and clarification, EIDP states that site operations began in the former Carneys Point Works in 1892, but not all portions of Chambers Works have been in continuous operation throughout the site's history. In addition, EIDP states that EIDP has continued certain operations in the Chambers Works manufacturing area as a tenant subsequent to transferring ownership of Chambers Works in 2015.

69.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). EIDP denies the allegations of this paragraph.

70.    The allegations of this paragraph are vague and/or ambiguous and therefore are denied as stated. By way of further response, EIDP admits only that it is aware that historically PFOA was used as a polymerization processing aid in the manufacturing of perfluoroelastomers and specialty fluoroelastomers at Chambers Works for a period of time beginning in the late 1950s and that perfluoroelastomers and specialty fluoroelastomers have been used in a variety of products, including commercial and industrial products. Any remaining allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis.

71.    To the extent that the allegations of this paragraph are not directed to EIDP, EIDP is not required to respond. To the extent that the allegations of this paragraph are directed to EIDP or a response is otherwise required, on information and belief, EIDP admits only that fluorotelomers have been used and/or manufactured at Chambers Works beginning in the 1960s.

72.     To the extent that the allegations of this paragraph are not directed to EIDP, EIDP is not required to respond. To the extent that the allegations of this paragraph are directed to EIDP or a response is otherwise required, the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis.

73.     EIDP denies the allegations of this paragraph as stated. By way of further response, EIDP states that at certain times in the past, the Minnesota Mining and Manufacturing Company (now known as "3M Company" or "3M") has supplied ammonium perfluorooctanoate (APFO) to it. In aqueous solution, APFO is analyzed as PFOA

74.     EIDP denies the allegations of this paragraph.

75.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). EIDP otherwise denies the allegations of this paragraph.

76.     To the extent the allegations of this paragraph are not directed to EIDP, no response is required of EIDP. To the extent the allegations of this paragraph are directed to EIDP, EIDP admits that EIDP transferred ownership and operation of Chambers Works to The Chemours Company FC, LLC ("Chemours FC") on January 30, 2015.

77.     To the extent the allegations of this paragraph are not directed to EIDP, no response is required of EIDP. To the extent the allegations of this paragraph are directed to EIDP, EIDP

admits that it has since that transfer continued certain operations in the Chambers Works manufacturing area as a tenant of Chemours FC.

78.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). EIDP otherwise denies the allegations of this paragraph.

79.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). EIDP otherwise denies the allegations of this paragraph.

80.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent this paragraph purports to reference or characterize unidentified sampling results and unspecified screening criteria, without identifying those results or criteria or providing their context, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them as stated. To the extent a further response is required,

the allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that additional basis.

81.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent that the allegations of this paragraph are not directed to EIDP, no response is required of EIDP. To the extent a response is required, EIDP admits only that the quoted language or portions thereof appeared in pleadings filed by the NJDEP in the matter pending in this District bearing the caption New Jersey Dep't of Environmental Protection et al. v. E. I. du Pont de Nemours and Co. et al., Civ. A. No. 1:19-cv-14766, which pleadings speak for themselves. To the extent a further response is required, EIDP denies the allegations reflected in the quoted language.

82.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent the allegations of this paragraph are not directed to EIDP, no response is required of EIDP. To the extent a response is required, EIDP admits only that the quoted language or portions thereof appeared in pleadings filed by the NJDEP in the matter pending in this District bearing the caption New Jersey Dep't of Environmental Protection et al. v. E. I. du Pont de Nemours and Co. et al., Civ. A. No. 1:19-cv-14766, which pleadings speak for themselves. To the extent a further response is required, EIDP denies the allegations reflected in the quoted language.

83.    To the extent the allegations of this paragraph are not directed to EIDP, no response is required of EIDP. Furthermore, to the extent the allegations of this paragraph constitute conclusions of law, no response is required. To the extent a response is required, EIDP denies the allegations of this paragraph.

84.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). Furthermore, to the extent the allegations of this paragraph constitute conclusions of law, no response is required. To the extent a response is required, EIDP denies the allegations of this paragraph.

85.     To the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent this paragraph purports to characterize unidentified "studies," without identification of those studies and their context, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any documents and/or reports related to these unidentified "studies" or any associated studies, data, research, investigation, testing, and/or other work, as well as any attempt to attribute statements made therein to EIDP. To the extent a further response is required, EIDP denies the allegations of this paragraph.

86.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent a response is required, EIDP denies the allegations of this paragraph.

87.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent a response is required, EIDP denies the allegations of this paragraph.

88.     To the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent this paragraph purports to characterize and quote from a 2003 EIDP report without providing its context, that report speaks for itself. To the extent a response is required, EIDP admits only that EIDP issued a report in 2003, entitled EIDP Telomer Manufacturing Sites: Environmental Assessment of PFOA Levels in Air and Water, which contained the language quoted. The characterizations of the 2003 report in this paragraph are incomplete and/or incorrect

statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis. To the extent a further response is required, EIDP denies the remaining allegations of this paragraph.

89.    To the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent this paragraph purports to characterize and quote from a 2003 EIDP report without providing its context, that report speaks for itself. To the extent a response is required, EIDP admits only that EIDP issued a report in 2003, entitled Chemours Telomer Manufacturing Sites: Environmental Assessment of PFOA Levels in Air and Water, which contained the language quoted. The characterizations of the 2003 report in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis. To the extent a further response is required, EIDP denies the remaining allegations of this paragraph.

**F.    3M**

90.    To the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent this paragraph purports to characterize unidentified "studies" without identification of those studies or their context, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations

and therefore denies them. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any documents and/or reports related to these unidentified "studies" or any associated studies, data, research, investigation, testing, and/or other work. To the extent a further response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

91.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

92.     To the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent this paragraph purports to characterize and quote from a document without providing its context, that document speaks for itself. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of the referenced document, or any associated studies, data, research, investigation, testing, and/or other work. To the extent a further response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

93.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or

information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

94.     The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

95.     To the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent this paragraph purports to characterize and quote from a document without providing its context, that document speaks for itself. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of the referenced document, or any associated studies, data, research, investigation, testing, and/or other work. To the extent a further response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

**G.     Defendants' Contamination of Groundwater, Surface Water, Drinking Water, Air and Soil**

96.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or

34

substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegation of this paragraph with respect to knowledge constitutes a conclusion of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

97.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegation of this paragraph with respect to knowledge constitutes a conclusion of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

98.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the

Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP admits only, on information and belief, that the NJDEP began a statewide study of New Jersey water systems in 2006 to determine the occurrence of PFOA and PFOS in wells and surface waters that are sources of drinking water. The remaining allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis.

99.     The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP admits only, on information and belief, that the NJDEP began a statewide study of New Jersey water systems in 2006 to determine the occurrence of PFOA and PFOS in wells and surface waters that are sources of drinking water. The remaining allegations in this paragraph are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis.

100.     The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. The allegations in this paragraph are incomplete

and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, but to the extent a response is required, EIDP denies the allegations.

101.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. To the extent a response is required, EIDP admits, on information and belief, that NJDEP has conducted sampling of private wells at locations around the state for certain PFAS, including PFOA and PFOS. The remaining allegations in this paragraph are incomplete statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis.

102.    The allegations of this paragraph contain only general, narrative, or conclusory statements, and therefore no response is required. Furthermore, to the extent that the allegations in this paragraph relate to individuals, entities, or companies other than EIDP, and are thus not directed to EIDP, EIDP is not required to respond. To the extent a further response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

103.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is not required to respond. To the extent a response is required as to allegations relating to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP lacks knowledge or information sufficient to form a belief as to the

truth or accuracy of those allegations and therefore denies them. To the extent that the allegations of this paragraph may be construed as relating to EIDP, this paragraph appears to reference or characterize unidentified "studies," without identification of those studies and their context. As such, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any documents and/or reports related to these unidentified "studies" or any associated studies, data, research, investigation, testing, and/or other work. Furthermore, the allegations of this paragraph constitute incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are therefore denied on that basis. To the extent that a further response is required, EIDP denies any remaining allegations of this paragraph.

104.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is not required to respond. To the extent a response is required as to allegations relating to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies them.

105.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February

2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is not required to respond. To the extent a response is required as to allegations relating to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies them.

106.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is not required to respond. To the extent a response is required as to allegations relating to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies them. To the extent that the allegations of this paragraph are directed to EIDP, EIDP denies them.

107.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on

February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is not required to respond. To the extent a response is required as to allegations relating to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies them. To the extent that the allegations of this paragraph are directed to EIDP, EIDP denies them.

### Count I: Negligence

### Plaintiffs v. All Defendants and
### John Doe Entities #1-20

108.    EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

109.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this

40

paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

110.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

111.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that

a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

112. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

113. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February

2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations

114.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute

43

conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

115.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

116.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

117.    The allegations of this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

118.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations

of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

119. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

120.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count I." EIDP denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs.

## Count II: Gross Negligence and Recklessness

### Plaintiffs v. All Defendants and
### John Doe Entities #1-20

121.    EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

122.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

123.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations

of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

124.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

125.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

126.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without

knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

127.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

128.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on

February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

129.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this

paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

130.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

131.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that

a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

132.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

133.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February

2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

134.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute

conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

135.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

136.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured

by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

137.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

138.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

139.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without

knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

140.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

141.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on

February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count III." EIDP denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs.

### Count III:

### Private Nuisance, Plaintiffs v. Clemente, Solvay, Arkema, EIDP, Chemours and John Doe Entities #1-20

142.    EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

143.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February

2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

144.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute

conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

145.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

146.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured

by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count III." EIDP denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs.

### Count IV:  Public Nuisance

### Plaintiffs v. Clemente, Solvay, Arkema, EIDP, Chemours and John Doe Entities #1-20

147.     EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

148.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on

February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

149.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this

paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

150.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

151.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent the

allegations in this paragraph relate to Plaintiffs' alleged injuries, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

152.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

153.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

154.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without

knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

155.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent the allegations in this paragraph relate to Plaintiffs' alleged injuries, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count IV." EIDP denies that Plaintiffs are entitled to any

of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs.

### Count V:  Past and Continuing Trespass

### Plaintiffs v. Clemente, Solvay, Arkema, EIDP, Chemours and John Doe Entities #1-20

156.    EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

157.    EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

158.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this

paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

159.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Plaintiffs' exercise of consent and therefore denies them. EIDP denies any implication of this paragraph of that Plaintiffs' properties were contaminated by chemicals or substances for which EIDP is potentially responsible or liable. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

160.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and

PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

161.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this

paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count V." EIDP denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs.

### Count VI: Strict Liability (Abnormally Dangerous Activities)

### Plaintiffs v. Clemente, Solvay, Arkema, EIDP, Chemours and John Doe Entities #1-20

162.    EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

163.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations

and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

164.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP or relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. Furthermore, inasmuch as the allegations of this paragraph constitute conclusions of law, no response is required. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

165.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations

of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

166.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

167.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February

2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

168.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of

this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

169.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

170.     To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or

that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

171.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

172.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations

of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

173.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

174.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February

2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

175.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of

this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

176.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count VI." EIDP denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs.

**Count VII:  Strict Liability (Failure to Warn)**

**Plaintiffs v. 3M and John Doe Entities #1-20**

177.    EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

178.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP admits only that, upon information and belief, it was aware that historically 3M manufactured PFOA and PFOS and that 3M supplied APFO to EIDP at certain times in the past. EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

179.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). Furthermore, to the extent that the allegations of this paragraph constitute conclusions of law, no response is required. To the extent a response is required, EIDP admits only that, upon information and belief, 3M supplied APFO to EIDP at certain times in the past. EIDP is without knowledge or

information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

180.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). Furthermore, to the extent that the allegations of this paragraph constitute conclusions of law, no response is required. To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

181.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). Furthermore, to the extent that the allegations of this paragraph constitute conclusions of law, no response is required. To the extent that a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

182.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

183.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, and to the extent this paragraph purports to reference or characterize unidentified "studies," without identification of those studies and their context, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. EIDP expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any documents and/or reports related to these unidentified "studies" or any associated studies, data, research, investigation, testing, and/or other work, as well as any attempt to attribute statements made therein to EIDP. EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

184.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

185.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

186.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90).

To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

187.    The allegations of Count VII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count VII." EIDP denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs.

### Count VIII:  Strict Liability (Defective Design)

### Plaintiffs v. 3M and John Doe Entities #1-20

188.    EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

189.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to

any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP admits only that, upon information and belief, it was aware that historically 3M manufactured PFOA and PFOS and that it supplied APFO to EIDP for use at Chambers Works at certain times in the past. EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

190.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP admits only that, upon information and belief, it was aware that historically 3M manufactured PFOA and PFOS and that it supplied APFO to EIDP for use at Chambers Works at certain times in the past. EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

191.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's

Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

192.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

193.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP admits only that, upon information and belief, it was aware that historically 3M manufactured PFOA and PFOS and that it supplied APFO to EIDP for

use at Chambers Works at certain times in the past. EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

194.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

195.    The allegations of Count VIII and this paragraph (including its subparagraphs) are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). Furthermore, to the extent that the allegations of this paragraph and its subparagraphs constitute conclusions of law, no response is required. To the extent that a response is required, the allegations of this paragraph regarding purported characteristics of PFAS or "PFAS products" are incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony, and are denied on that basis. EIDP is without

knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph or its subparagraphs and therefore denies them.

196.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

197.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

198.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's

Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

199.    The allegations of Count VIII and this paragraph are not directed to EIDP, and therefore EIDP is not required to respond. To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent a response is required, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this paragraph and therefore denies them.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count VIII." EIDP denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs.

## Count IX:  Loss of Consortium and Services

200.    EIDP repeats and incorporates by reference its answers to each and every allegation contained in the paragraphs above, as though fully set forth herein.

201.    EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this paragraph and therefore denies them.

202.    To the extent the allegations in this paragraph relate to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90). To the extent the allegations of this paragraph are not directed to EIDP, relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, or constitute conclusions of law, no response is required of EIDP. To the extent that a response is required to allegations that are not directed to EIDP or that relate to chemicals or substances not manufactured by, used by, or otherwise attributable to EIDP, EIDP is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies them. To the extent the remaining allegations of this paragraph are directed to EIDP or a response is otherwise required, EIDP denies all such allegations.

**WHEREFORE,** EIDP denies any and all allegations contained in Plaintiffs' "WHEREFORE" clause following the "Count IX." EIDP denies that Plaintiffs are entitled to any of the relief requested in the prayer for relief in this "WHEREFORE" clause. EIDP denies that Plaintiffs are entitled to judgment against EIDP. EIDP further denies that Plaintiffs are entitled to interest, attorneys' fees and costs of suit. EIDP demands that all counts against it be dismissed

with prejudice and award EIDP such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, attorneys' fees and costs

## AFFIRMATIVE OR ADDITIONAL DEFENSES

EIDP raises the following affirmative or additional defenses that it may assert to the claims of Plaintiffs' Amended Complaint based on Plaintiffs' allegations or facts adduced in discovery. The Amended Complaint does not describe its claims or events with sufficient particularity to permit EIDP to fully ascertain what other defenses may exist, and EIDP presently has insufficient knowledge or information to form a belief as to whether it has additional defenses available to it. EIDP therefore reserves the right to assert all defenses which may pertain to the Amended Complaint once the precise nature of the claims is ascertained, and in the event discovery indicates that additional defenses would be appropriate. EIDP reserves the right to assert any affirmative or additional defense that may become available between now and the time that judgment, if any, is rendered in this action.

In disclosing these defenses, EIDP does not assume any burden of proof not otherwise required by law. Moreover, EIDP undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein.

## FIRST DEFENSE

The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, by applicable statute(s) of limitations, statutes of repose, or other rule, regulation, or doctrine requiring the institution of an action within a certain prescribed period of time or by a certain date.

## THIRD DEFENSE

Any injury, damage, or cost to Plaintiffs was caused by acts or omissions by one or more persons or entities for whose conduct EIDP is not responsible and over which it had no control.

## FOURTH DEFENSE

Plaintiffs are not entitled to recover from EIDP more than EIDP' fair, equitable, and proportionate share, if any, of the damages and costs sought, or to otherwise recover from EIDP more than the amount of such relief, if any, for which EIDP is liable (which liability is denied).

## FIFTH DEFENSE

Any legally cognizable injury, damage, or cost that Plaintiffs have suffered, to the extent any was suffered, was caused either in whole or in part by the acts or omissions of Plaintiffs or their agents, and not as a result of any conduct by EIDP.

## SIXTH DEFENSE

Each Plaintiff's claims are barred, in whole or in part, due to the failure to link any alleged exposure to or property contamination with any PFAS to EIDP.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they are unable to establish that their alleged injuries were caused by exposure to PFAS attributable to EIDP.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they cannot establish, through reliable scientific means, that they were exposed to a sufficient concentration or amount of PFAS, and/or for a sufficient duration to be capable of causing alleged injuries or increased risk of injuries.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that they cannot establish, through reliable scientific means, that any PFAS attributable to EIDP is biopersistent in the body or capable of causing injury.

**TENTH DEFENSE**

To the extent other parties not named in the case are responsible for any alleged claims, damages, or losses by Plaintiffs, such claims against EIDP are barred by Plaintiffs' failure to join such parties.

**ELEVENTH DEFENSE**

At all times and places mentioned in the Amended Complaint, EIDP was not negligent, whether by act of commission or omission.

**TWELFTH DEFENSE**

None of the alleged acts or omissions of EIDP proximately caused the purported injuries or damages allegedly sustained by Plaintiffs.

**THIRTEENTH DEFENSE**

At all times and places mentioned in the Amended Complaint, EIDP complied with all then-applicable laws, regulations, and standards.

**FOURTEENTH DEFENSE**

EIDP cannot be held jointly and severally liable for acts or omissions of third parties that are separate and distinct from the alleged acts or omissions of EIDP where the alleged injury is divisible from and greater than any injury allegedly caused by EIDP.

**FIFTEENTH DEFENSE**

Any damage that Plaintiffs may have suffered was not reasonably foreseeable at the time of the conduct alleged.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged acts or omissions by EIDP throughout the relevant time period conformed to the then-existing custom and practice, and EIDP exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

### SEVENTEENTH DEFENSE

EIDP neither knew, nor should have known, that any of the substances alleged to have contaminated Plaintiffs' water supplies were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to EIDP at all times relevant to the claims asserted in the Amended Complaint.

### EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the injuries alleged in the Amended Complaint do not support a recovery in tort as a matter of law.

### NINETEENTH DEFENSE

To the extent any of Plaintiffs' claims, damages, and costs, if any, against EIDP are subject to setoff or recoupment, they must be reduced accordingly.

### TWENTIETH DEFENSE

Plaintiffs' claims in the Amended Complaint fail and/or are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate damages or avoid consequences.

### TWENTY-FIRST DEFENSE

Without admitting liability, EIDP alleges that if it is found to have been engaged in any of the activities alleged in the Amended Complaint, such activities were de minimis and not the cause of any damage alleged by Plaintiffs.

### TWENTY-SECOND DEFENSE

Sources and conditions other than EIDP were the cause of Plaintiffs' alleged injuries, if any.

### TWENTY-THIRD DEFENSE

Plaintiffs cannot proceed on their claims to the extent they are not amenable to judicial resolution because of either exclusive jurisdiction or the primary jurisdiction doctrine.

### TWENTY-FOURTH DEFENSE

As to each and every cause of action asserted against EIDP in Plaintiffs' Amended Complaint, each and every Plaintiffs' recovery is barred or reduced to the extent that Plaintiffs are guilty of comparative fault.

### TWENTY-FIFTH DEFENSE

EIDP owed no duty or obligation to any of the Plaintiffs.

### TWENTY-SIXTH DEFENSE

To the extent EIDP owed a duty or obligation to any Plaintiff, EIDP did not breach any duty or obligation owed.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent that they seek to recover costs, damages, and expenses (including, but not limited to, cleanup and/or removal costs) that were incurred improperly.

## TWENTY-EIGHTH DEFENSE

Plaintiffs have not suffered any legally cognizable injures in fact.

## TWENTY-NINTH DEFENSE

The damages sought by Plaintiff, if awarded, should be reduced by any amounts recovered from any other sources, and each Plaintiffs are barred from any form of double recovery regardless of the nature or source of such recovery.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred because no actions or inactions by EIDP have resulted in any interim, temporary, or permanent impairment or damage to Plaintiff.

## THIRTY-FIRST DEFENSE

At all relevant times, EIDP exercised due care with respect to its activities and took precautions against foreseeable acts or omissions of others and consequences that could reasonably result from such acts or omissions.

## THIRTY-SECOND DEFENSE

EIDP did not proximately cause any of the acts, omissions, hazards, or damages alleged in any claims asserted in the Amended Complaint.

## THIRTY-THIRD DEFENSE

Without admitting liability, if EIDP is found to be responsible for any of the damages or costs complained of, it is absolved from a judgment of liability by virtue of the superseding or intervening actions of others.

## THIRTY-FOURTH DEFENSE

Plaintiffs have failed to join all necessary and indispensable parties to this action.

## THIRTY-FIFTH DEFENSE

The damages Plaintiff seeks, if awarded, would result in unjust enrichment to Plaintiffs.

96

### THIRTY-SIXTH DEFENSE

No action or inaction by EIDP has resulted in any nuisance.

### THIRTY-SEVENTH DEFENSE

EIDP is entitled to offset against any liability on its part, if any, for the greatest of (1) any amounts actually paid by any person or entity for any of the injuries, damages, costs or expenses alleged in the Amended Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity for any of the injuries, costs, damages, and expenses alleged in the Amended Complaint; or (3) the equitable share of liability of any person or entity that received, or receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages, and expenses alleged in the Amended Complaint.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred or limited by the economic loss rule.

### THIRTY-NINTH DEFENSE

To the extent that Plaintiffs' Amended Complaint states claims for equitable relief or seeks equitable remedies, such relief or remedies are barred because equity will not compel action that is already being undertaken and/or is unnecessary.

### FORTIETH DEFENSE

EIDP complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the Amended Complaint, and punitive damages are therefore unwarranted in law and fact.

### FORTY-FIRST DEFENSE

EIDP did not act with the requisite state of mind to warrant an award of punitive damages.

### FORTY-SECOND DEFENSE

Plaintiffs' Amended Complaint violates EIDP' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New Jersey to the extent it seeks punitive or exemplary damages, and therefore fails to state a cause of action upon which punitive damages can be awarded.

## FORTY-THIRD DEFENSE

Plaintiffs' demand for punitive damages violates EIDP' right to protection from excessive fines as is provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New Jersey and violates EIDP' rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New Jersey.

## FORTY-FOURTH DEFENSE

Plaintiffs' demands for punitive damages are barred by the New Jersey Punitive Damages Act, NJSA 2A:15-5.9 et seq. EIDP adopts all defenses to liability under the Act.

## FORTY-FIFTH DEFENSE

If EIDP is held liable, which liability is strictly denied, then the liability of EIDP would be passive, imputed, or secondary, while persons other than EIDP, whether individual, corporate, or otherwise, and whether named or unnamed in the Amended Complaint, would be actively and primarily liable for the alleged damages under breach of contract, negligence, strict liability, implied and express warranty theories, or otherwise.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims are barred to the extent they seek recovery on any theory of alternative causation or alternative liability.

## FORTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged injuries, increased risk, or other harms are speculative and conjectural.

## FORTY-EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent that their responsive actions (including those actions already undertaken, those requested or described in the Amended Complaint, or any others taken in the future) have been, are, or will be excessive, unnecessary, unreasonable, or inconsistent with statutory requirements.

## FORTY-NINTH DEFENSE

Each Plaintiff lacks standing to bring an action for trespass to the extent that Plaintiff has no ownership over and is not entitled to exclusive possession of the property allegedly trespassed upon.

## FIFTIETH DEFENSE

Plaintiffs' claims for trespass are barred to the extent that Plaintiff cannot establish unreasonable or substantial damage.

## FIFTY-FIRST DEFENSE

EIDP is not liable to Plaintiff for the manufacturing activities of other manufacturers or for any damages or costs incurred by Plaintiff related to chemicals or substances not produced by EIDP.

## FIFTY-SECOND DEFENSE

Plaintiffs' claims are barred to the extent that such claims have been preempted by federal law.

## FIFTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek any relief inconsistent with the applicable federal or state regulatory schemes for addressing alleged releases of contaminants.

## FIFTY-FOURTH DEFENSE

Plaintiffs' claims are premature to the extent that final water quality standards, maximum contaminant levels, acceptable soil cleanup levels, or other regulatory standards that are sufficient to evaluate whether the alleged injuries at issue have been sustained have not been set by EPA or the State of New Jersey as to certain contaminants alleged in the Amended Complaint.

## FIFTY-FIFTH DEFENSE

EIDP cannot be liable for acts or omissions undertaken by or at the direction of any governmental authority or agency.

## FIFTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiff seeks to retroactively impose liability for conduct that was not actionable at the time it occurred.

## FIFTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims relating to any of the alleged damages or costs.

## FIFTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are not yet ripe.

## FIFTY-NINTH DEFENSE

The claims asserted in the Amended Complaint are barred, in whole or in part, by equitable doctrines, including but not limited to laches, waiver, estoppel and unclean hands.

### SIXTIETH DEFENSE

In the event that EIDP is found liable for any portion of Plaintiffs' requested clean-up or removal costs, which liability is denied, EIDP is entitled to an offset against any such liability for the equitable share of the liability of any person or entity that would be liable to that Plaintiff or liable in contribution to EIDP.

### SIXTY-FIRST DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiff seeks to impose liability on EIDP based on the exercise of the right to petition federal, state, or local legislative or regulatory bodies, including through public statements, because such conduct was immune under the Noerr-Pennington doctrine and privileged under the First Amendment to the U.S. Constitution.

### SIXTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the relief sought in the Amended Complaint will not redress the alleged harms.

### SIXTY-THIRD DEFENSE

Plaintiffs' requests for attorneys' fees and expenses is barred to the extent that recovery of such fees or expenses is not expressly authorized by New Jersey law.

### SIXTY-FOURTH DEFENSE

EIDP at all relevant times, acted reasonably and in good faith and with due care for the rights and safety of others and their property.

### SIXTY-FIFTH DEFENSE

To the extent that the cause of action seeks damages for which payment was received or may be received from collateral sources, such damages are barred by the Collateral Source Rule.

### SIXTY-SIXTH DEFENSE

The alleged injuries and damages set forth in Plaintiffs' Amended Complaint were caused by and arose out of risks of which Plaintiff had full knowledge and which Plaintiff assumed.

### SIXTY-SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of avoidable consequences.

### SIXTY-EIGHTH DEFENSE

Plaintiffs' damages, if any, were caused entirely by Plaintiffs' own actions or inaction.

### SIXTY-NINTH DEFENSE

Plaintiffs' damages, if any, must be reduced by any collateral sources that have provided or will provide reimbursement to Plaintiffs, in whole or in part, for the damages Plaintiff seeks.

### SEVENTIETH DEFENSE

To the extent that EIDP is deemed to be liable in negligence, which is denied, that negligence was only secondary to the primary negligence of other parties.

### SEVENTY-FIRST DEFENSE

To the extent that any claim or allegation relates to any substance except PFOA, PFNA, and PFOS, no response is required in light of the Court's Order and Opinion on February 2, 2022 ruling that Plaintiffs have not plead the nature of toxins other than PFOA, PFNA, and PFOS with enough specificity to state a plausible claim, as clarified in the Court's Opinion on February 27, 2023 (*see* proposed Stipulation and Order, ECF No. 90).

### ADOPTION OF DEFENSES

EIDP adopts all applicable defenses set forth in the Answers of all other Defendants in this case, except to the extent that they would impose liability on EIDP and, further, reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

EIDP requests a trial by jury pursuant to Federal Rule of Civil Procedure 38 on all claims so triable.

**WHEREFORE,** EIDP requests judgment in its favor dismissing all claims against it and awarding such other relief as the Court may deem just.

Respectfully submitted,

McCARTER & ENGLISH, LLP
Attorneys for Defendants

By: _/s/ Lanny S. Kurzweil_
    Lanny S. Kurzweil

Dated: April 3, 2023

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the following actions are pending in this Court that involve or may involve the same subject matter as this controversy:

- *John Giordano, et. al. v. Solvay Specialty Polymers USA, LLC, et .al.*, C.A. No. 1:19-cv-21573-NLH-AMD

- *Kimberly Bond and Richard Bond, individually and as parents and natural guardians of Christina Bond v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:20-cv-08487-NLH-AMD

- *Theresa Slusser and William Slusser, as parents and natural guardians of Alexander Slusser v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:20-cv-11393-NLH-AMD

- *Harry Lombardo, Janice Lombardo, and S.L. (a minor) v. Solvay Specialty Polymers, USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E.I. EIDP de Nemours & Company; EIDP Specialty Products USA, LLC; The Chemours Company; The Chemours Company FC, LLC; 3M Company; and ABC Corporations #1-10*, C.A. No. 1:20-cv-15014-NLH-AMD

- *Tammy O'Leary and Corby Deese v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:21-cv-00217-NLH-AMD

- *Carly Corrar and Shirley Bond v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:21-cv-00452-NLH-AMD

- *Charles Briggs and Deborah Briggs v. Solvay Specialty Polymers USA, LLC, et. al.*, C.A. No. 1:21-cv-9699-NLH-AMD

- *Justin Lloyd v. Solvay Specialty Polymers, USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; EIDP Specialty Products USA, LLC; The Chemours Company; The Chemours Company FC, LLC; 3M Company; "ABC Corporations #1-10"; and "Doe Dischargers #1-10"*, C.A. No. 1:21-cv-9705 (NLH) (AMD)

- *Lora Britton, Autumn Britton, and Z. B. (a minor) v. Solvay Specialty Polymers, USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; EIDP Specialty Products USA, LLC; The Chemours Company; The Chemours Company FC, LLC; 3M Company; "ABC Corporations #1-10"; and "Doe Dischargers #1-10"*, C.A. No. 1:21-cv-9707 (NLH) (AMD)

- *Scott Gouse, Amanda Gouse, and C. G. (minor) v. Solvay Specialty Polymers, USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; EIDP Specialty Products USA, LLC; The Chemours Company; The Chemours Company FC, LLC; 3M Company; "ABC Corporations #1-10"; and "Doe Dischargers #1-10"*, C.A. No. 1:21-cv-9711 (NLH) (AMD)

- *Jerry Phillip and Marcia Philipp v. Solvay Specialty Polymers, USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; EIDP Specialty Products USA, LLC; The Chemours Company; The Chemours Company FC, LLC; 3M Company; "ABC Corporations #1-10"; and "Doe Dischargers #1-10"*, C.A. No. 1:21-cv-9714 (NLH) (AMD)

- *Shirley Bond v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:21-cv-11203-NLH-AMD

- *Ron Kallis, Karla Callis, Emma Callis, and Darlene Oleson v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:21-cv-15212-NLH-AMD

- *Nicole Bond v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:21-cv-20755-NLH-AMD

- *Marcia M. Philipp, Gerald L. Philipp and Gerald E. Philipp, v. A Clemente, Inc.; Anthony Clemente, Inc.; Solvay Specialty Polymers, USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. Du Pont De Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. No. 1:22-cv-00395-NLH-AMD

- *Stacy Allen v. A Clemente, Inc.; Anthony Clemente, Inc.; Solvay Specialty Polymers, USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. Du Pont De Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-20*, C.A. No. 1:22-cv-00396-NLH-AMD

- *Erin Albritton v. A Clemente, Inc.; Anthony Clemente, Inc.; Solvay Specialty Polymers, USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. Du Pont De Nemours*

*& Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:22-cv-00397-NLH-AMD

- *Kimberly Bond, Richard Bond Sr., Jennifer Underwood, Kim Keleshian and Richard Bond Jr., v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:22-cv-01115-NLH-AMD

- *Lisa Medford and John Antipuna v. A. Clemente Inc., Anthony Clemente, Inc., Solvay Specialty Polymers, USA, LLC, Solvay Solexis, Inc., Arkema, Inc., E. I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Camden County Energy Recovery Associates LP, Camden County Energy Recovery Corp., Foster Wheeler Camden County, Covanta Camden GP, LLC, The 3M Company, John Doe Entities #1-20*, C.A. No. 1:22-cv-02347-NLH-AMD

- *Stephen Wilson and Kim Wilson v. A. Clemente Inc., Anthony Clemente, Inc., Solvay Specialty Polymers, USA, LLC, Solvay Solexis, Inc., Arkema, Inc., E. I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Camden County Energy Recovery Associates LP, Camden County Energy Recovery Corp., Foster Wheeler Camden County, Covanta Camden GP, LLC, The 3M Company, John Doe Entities #1-20*, C.A. No. 1:22-cv-02379-NLH-AMD

- *John Malinowski, Marcia Beach-Malinowski, L.M. (minor), & J.M. (minor) v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:22-cv-03214-NLH-AMD

- *Elmer Powell, Roberta Powell, & Damian Powell v. Solvay Specialty Polymers USA, LLC; Solvay Solexis, Inc.; Arkema, Inc.; E. I. du Pont de Nemours & Company; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and John Doe Entities #1-10*, C.A. No. 1:22-cv-03218-NLH-AMD

- *Leptien, Elizabeth v. A. Clemente Inc., Anthony Clemente, Inc., Solvay Specialty Polymers, USA, LLC, Solvay Solexis, Inc., Arkema, Inc., E. I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Camden County Energy Recovery Associates LP, Camden County Energy Recovery Corp., Foster Wheeler Camden County, Covanta Camden GP, LLC, The 3M Company, John Doe Entities #1-20*, C.A. No. 1:22-cv-04609-NLH-AMD

- *Elizabeth Kulik v. A. Clemente Inc., Anthony Clemente, Inc., Solvay Specialty Polymers, USA, LLC, Solvay Solexis, Inc., Arkema, Inc., E. I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Camden County Energy Recovery Associates LP, Camden County Energy Recovery Corp., Foster Wheeler Camden County, Covanta Camden GP, LLC, The 3M Company, John Doe Entities #1-20*, C.A. No. 1:22-cv-04610-NLH-AMD

- *Marisa Baker, Kimberley Baker, and Steven Baker v. A. Clemente Inc., Anthony Clemente, Inc., Solvay Specialty Polymers, USA, LLC, Solvay Solexis, Inc., Arkema, Inc., E. I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Camden County Energy Recovery Associates LP, Camden County Energy Recovery Corp., Foster Wheeler Camden County, Covanta Camden GP, LLC, The 3M Company, John Doe Entities #1-20*, C.A. No. 1:22-cv-04611-NLH-AMD

- *Giuseppe (referred to here as Joseph) Curiale v. A. Clemente Inc., Anthony Clemente, Inc., Solvay Specialty Polymers, USA, LLC, Solvay Solexis, Inc., Arkema, Inc., E. I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Camden County Energy Recovery Associates LP, Camden County Energy Recovery Corp., Foster Wheeler Camden County, Covanta Camden GP, LLC, The 3M Company, John Doe Entities #1-20*, C.A. No. 1:23-cv-00187 (NLH-AMD)

Respectfully submitted,

**McCARTER & ENGLISH, LLP**
Attorneys for Defendants

By: <u>/s/ Lanny S. Kurzweil</u>
    Lanny S. Kurzweil
    A Member of the Firm

Dated: Dated: April 3, 2023

**MCCARTER & ENGLISH, LLP**
Lanny S. Kurzweil, Esq.
Ryan A. Richman, Esq.
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 639-2044
Facsimile: (973) 297-3810

David A. Schlier, Esq.
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-6399
dschlier@mccarter.com

*Attorneys for Defendants EIDP, Inc., f/k/a E. I. du Pont de Nemours and Company,*
*The Chemours Company, and The Chemours Company FC, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RENEE MESOGIANES and WILLIAM MESOGIANES, h/w,<br><br>     Plaintiffs,<br><br>  v.<br><br>A CLEMENTE INC; ANTHONY CLEMENTE, INC; SOLVAY SPECIALTY POLYMERS, USA, LLC; SOLVAY SOLEXIS, INC.; ARKEMA, INC.; E. I. DU PONT DE NEMOURS & COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; THE 3M COMPANY; and JOHN DOE ENTITIES #1-20,<br><br>     Defendants. | Civil Action No. 1:22-cv-00394-NLH-AMD<br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on April 3, 2023, I caused a copy of Defendant EIDP, Inc., f/k/a E. I. du Pont de Nemours and Company's Answer to the Amended Complaint and accompanying documents to be filed on the Court's CM/ECF system, which caused service on all attorneys of record in this matter.

Dated: April 3, 2023

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

*Attorneys for Defendants EIDP, Inc.,*
*f/k/a E. I. du Pont de Nemours and*
*Company, The Chemours Company, and*
*The Chemours Company FC, LLC*

By: /s/ Lanny S. Kurzweil
      Lanny S. Kurzweil